UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

RAYSHAWN BETHANY,

                            Petitioner,

                                                              Case # 20-cv-6761-FPG

v.

                                                               DECISION AND ORDER

JOSEPH H. NOETH,

                            Respondent.
───────────────────────────────────────

## INTRODUCTION

On September 25, 2020, Petitioner Rayshawn Bethany, proceeding *pro se*, brought a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, a motion to appoint counsel, and a motion to proceed *in forma pauperis* ("IFP").  ECF Nos. 1-3.  On October 5, 2020, the Court denied Petitioner's motion to appoint counsel and granted his motion to proceed IFP.  ECF No. 5.  The Petition challenges Petitioner's conviction in state court for Murder in the Second Degree.  ECF No. 1.  Respondent responded to the Petition, ECF Nos. 8, 9, and Petitioner replied, ECF No. 14.

Presently before the Court are Petitioner's motion for discovery, motion to appoint counsel, and motion for expansion of the record.  ECF Nos. 15, 17, 18.  Respondent opposed the discovery motions.  ECF No. 19.  For the reasons that follow, Petitioner's motions are DENIED.

## DISCUSSION

**I.**      **Motions for Discovery and for Expansion of the Record (ECF Nos. 15, 18)**

Petitioner requests (1) video footage taken from a police camera, (2) police reports, logs, and notes, and (3) permission to take depositions of and serve interrogatories and requests for admission on various witnesses, attorneys, and police officers.  ECF No. 15 at 2-11.[1]

---

[1] Petitioner's motion for expansion of the record reiterates the arguments Petitioner made in his motion for discovery. *See* ECF No. 18.

1

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). "A petitioner bears a heavy burden in establishing a right to discovery." *Edwards v. Superintendent, Southport C.F.*, 991 F. Supp. 2d 348, 364 (E.D.N.Y. 2013). "Rule 6(a) of the Rules Governing § 2254 Cases provides that a habeas petitioner is entitled to discovery 'if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.'" *Renis v. Thomas*, No. 02-CV-9256 (DAB) (RLE), 2003 WL 22358799, at *1 (S.D.N.Y. Oct. 16, 2003) (quoting another source). "Rule 6 does not license a petitioner to engage in a 'fishing expedition' by seeking documents merely to determine whether the requested items contain any grounds that might support his petition, and not because the documents actually advance his claims of error." *Pizzuti v. United States*, 809 F. Supp. 2d 164, 176 (S.D.N.Y. 2011) (quotations omitted). "Generalized statements regarding the possibility of the existence of discoverable material cannot yield 'good cause.' . . . The court may, in its discretion, deny discovery where the petitioner provides no specific evidence that the requested discovery would support his or her habeas corpus petition." *Renis*, 2003 WL 22358799, at *1 (citation omitted).

Here, however, Petitioner has not provided specific evidence that the requested discovery would support the Petition. For example, Petitioner requests video footage "taken about an hour before the incident" that would "corroborate petitioner's statement, that, [sic] one of the shooters called him before the incident to pick him up." ECF No. 15 at 2. It is unclear how this footage—if it even exists—would "actually advance his claims of error." *Pizzuti*, 809 F. Supp. 2d 164, 176 (S.D.N.Y. 2011). Similarly, Petitioner requests police reports and documents that would show that a police witness gave false testimony. ECF No. 15 at 3. Again, however, Petitioner fails to establish how these documents—if they even exist—advance his claims for error.

Finally, Petitioner seeks permission to take depositions of and propound interrogatories and requests for admission to several witnesses, police officers, and attorneys—one of whom died in 2019. ECF No. 19 at 1. At the outset, the Federal Rules of Civil Procedure applicable to requests for admission and interrogatories only permit those discovery devices to be utilized against *parties*. Fed. R. Civ. P. 33, 36. None of the subjects of Petitioner's requests are parties to this action. *Warren v. Napoli*, No. 05CIV.8438CMKNF, 2009 WL 1605659, at *4 (S.D.N.Y. June 9, 2009) (denying petitioner's motion to serve requests for admission and interrogatories). Moreover, Petitioner's proposed questions amount to a fishing expedition. They seek information regarding the underlying criminal investigation, the reasons why certain litigation tactics were employed, and facts that were or could have been explored earlier.

Accordingly, Petitioner's motions for discovery and to expand the record are denied without prejudice.

**II.     Renewed Motion for Appointment of Counsel (ECF No. 17)**

Next, Petitioner requests that the Court appoint counsel pursuant to 18 U.S.C. § 3006A.

As the Court explained in its previous order denying appointment of counsel in this matter, prisoners do not have a constitutional right to counsel when bringing collateral attacks upon their convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). However, pursuant to 28 U.S.C. § 2254(h), counsel may be appointed in the interests of justice to an indigent petitioner seeking relief. In evaluating whether to grant a motion for appointment of counsel in the habeas corpus context, courts apply the same factors utilized for appointment of *pro bono* counsel in a civil case, such as: "the merits of [petitioner's] case, the [petitioner's] ability to pay for private counsel, [petitioner's] efforts to obtain a lawyer, the availability of counsel, and the [petitioner's] ability to

gather the facts and deal with the issues if unassisted by counsel." *Romero v. Napoli*, No. 08 CIV. 8380 CM HBP, 2009 WL 212415, at *1 (S.D.N.Y. Jan. 29, 2009) (quoting another source).

Petitioner argues that the Court should appoint counsel because his Petition is "complex," "there are factual and legal arguments that was [sic] left out," Petitioner does not have the means to properly investigate or prepare materials for this case due to his indigence and incarceration, and Petitioner has no legal education. ECF No. 17 at 1-2. But Petitioner has already demonstrated his ability to gather facts and deal with the legal issues in this case; he filed the Petition and multiple motions. Although Petitioner indicates that he has no legal education, he admits that he attended college and that English is his primary language. ECF No. 17 at 2. In addition, although Petitioner indicates that he has contacted several attorneys, he does not identify them. *Romero*, 2009 WL 212415, at *1 ("In order for me to assess whether petitioner has made adequate efforts to find his own counsel, petitioner must specifically identify the attorneys he has contacted."). Accordingly, the Court declines to appoint counsel at this time.

## CONCLUSION

For the foregoing reasons, Petitioner's motions for discovery, appointment of counsel, and expansion of the record are DENIED. ECF Nos. 15, 17, 18. The Petition remains pending before the Court.

IT IS SO ORDERED.

Dated: September 16, 2021
      Rochester, New York

                                                HON. FRANK P. GERACI, JR.
                                                United States District Judge
                                                Western District of New York