UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RAYSHAWN BETHANY,                              Case # 20-CV-6761-FPG

                                Petitioner,           DECISION AND ORDER

        v.

JOSEPH H. NOETH,

                                Respondent.
_____

## INTRODUCTION

The *pro se* petitioner, Rayshawn Bethany, commenced this action by filing a 78-page petition, with exhibits, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Section 2254"). ECF No. 1.  After reviewing the petition, which asserted twenty-three enumerated grounds for relief, the Court found that it did not comply with the Rules Governing Section 2254 Cases In The United States District Courts and did not permit the Court to determine whether all of the grounds for relief had been exhausted.  The Court therefore directed Bethany to file an amended petition. Bethany filed a 95-page amended petition, with exhibits, raising thirteen enumerated grounds for relief, several of which have multiple sub-grounds.  ECF No. 34.  For the reasons discussed below, the Court finds that the amended petition is a mixed petition containing exhausted and unexhausted claims.

## DISCUSSION

### I.      Exhaustion of Remedies—General Principles

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and

correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks omitted)). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (citing *Duncan*, 513 U.S. at 365-66; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). "In order to have fairly presented his federal claim to the state courts the petitioner must have informed the state court of both the factual and the legal premises of the claim he asserts in federal court." *Daye v. Att'y Gen. of State of N.Y.*, 696 F.2d 186, 191-92 (2d Cir. 1982) (en banc) (citing *Picard v. Connor*, 404 U.S. 270, 276-77 (1971)). "Specifically, he must have set forth in state court all of the essential factual allegations asserted in his federal petition; if material factual allegations were omitted, the state court has not had a fair opportunity to rule on the claim." *Id.* (citing *Picard*, 404 U.S. at 276). The petitioner "also must have employed the proper state law procedural vehicle so that the state courts were afforded the opportunity to consider the claims raised on their merits[.]" *Walker v. Dalsheim*, 669 F. Supp. 68, 70 (S.D.N.Y. 1987) (citing *Dean v. Smith*, 753 F.2d 239 (2d Cir. 1985)).

## II.     The Amended Petition Contains Exhausted and Unexhausted Claims

As noted above, in its prior order, the Court directed Bethany to indicate the state court proceeding in which he raised each ground for habeas relief so that the Court could determine whether he had fulfilled the statutory exhaustion requirement for each ground. Based on Bethany's statements in the amended petition, it appears that Grounds One, Two, Three, Four, Seven, Ten, Twelve, and Thirteen are fully exhausted or may be "deemed exhausted" (Ground Eleven) because

he no longer has any "available procedure [in state court to] raise the question presented[,]" 28 U.S.C. § 2254(c).  *See* ECF No. 34 at 6-7, 24, 44, 46-47.[1]

However, as discussed more fully below, there are exhaustion issues presented as to Bethany's claim based on the prosecution's alleged violations of *Brady v. Maryland*, 373 U.S. 83 (1963), as set forth in Grounds One, Two, and Six; and his claim that his various defense attorneys provided ineffective assistance, as set forth in Grounds Five, Eight, and Nine.

### 1.    The Ineffective Assistance of Trial Counsel Claim, Articulated in Grounds Five, Eight, and Nine, Is Unexhausted

Bethany has challenged the performance of the multiple attorneys who represented him at the trial level in Grounds Five, Eight, and Nine.  Ground Five asserts that trial counsel had a "conflict" at sentencing because he failed to object to alleged misinformation in the pre-sentence report.  ECF No. 34 at 22.  Bethany states that he raised this claim in his *pro se* C.P.L. § 440.20 motion to set aside the sentence.  *Id.*  Ground Eight again alleges one of his trial attorneys (John Jordan, Esq.) had a conflict because Bethany had filed a grievance against him, which resulted in counsel not investigating Detective Valvo's alleged perjury and a potential *Dunaway* violation. *Id.* at 30.  Bethany states that he asserted this ground in his *pro se* C.P.L. § 440.10 motion to vacate the judgment, submitted as a supplement to his counseled C.P.L. § 440.10 motion.  *Id.*; *see also* Respondent's Exhibit ("Resp't Ex.") D.[2]

Regarding Ground Nine, Bethany states that the following factual allegations set forth in in support of that ground were raised in his *pro se* supplemental appellate brief:  I(3), ECF No. 34 at 33.  Petitioner states that the following factual allegations were raised his *pro se* supplemental

---

[1] Unless otherwise noted, citations to page numbers in documents entered on the Court's docket refer to the pagination automatically generated by CM/ECF and located in the header of each page.

[2] Respondent's Exhibits are contained in a bound appendix, filed manually with the Court at the time Respondent filed its Response and Memorandum of Law.

C.P.L. § 440.10 motion:  I(5), ECF No. 34 at 35; I(10), *id.* at 38; and I(13), *id.* at 40.  Finally, according to Bethany, the following factual allegations were raised in both applications:  I(6), *id.* at 35; I(7), *id.* at 37; I(9), *id.* at 37; I(11), *id.* at 38; and I(14), *id.* at 40.

However, Bethany admits that the following factual allegations listed under Ground Nine were "not raised" in any state court proceeding:  I(1), ECF No. 34 at 31; I(4), *id.* at 33-35; and I(12), *id.* at 39.  And he indicates that the following factual allegations under Ground Nine were only "partially raised" in state court:  I(2), *id.* at 31-33; I(8), *id.* at 37; I(15), *id.* at 41-42; and I(16), *id.* at 42.  As for the sub-grounds that were "partially raised," Bethany does not clearly indicate which portions of them were raised in a state court post-conviction application and which were not.

With regard to ineffective assistance of counsel claims, the Second Circuit has required *all* factual allegations supporting such a claim to be presented for exhaustion purposes, so the state court may examine all of the circumstances and the cumulative effect of counsel's alleged errors. *Rodriguez v. Hoke*, 928 F.2d 534, 538 (2d Cir. 1991) (citations omitted).  In *Rodriguez*, the petitioner's ineffectiveness claim was based on "six enumerated allegations," but "[o]nly the first two of [them] were raised before the state court; the remaining five appear[ed] for the first time in th[e] habeas petition."  928 F.3d at 538.  The Second Circuit concluded that Rodriguez's "claim of ineffective assistance of counsel ha[d] not received full consideration in the state courts."  *Id.* Explaining that a claim of ineffectiveness "can turn on the cumulative effect of all of counsel's actions," the Second Circuit stated that "all [Rodriguez's]  allegations of ineffective assistance should be reviewed together."  *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 695-96 (1984)).

Here, the state courts have never considered Bethany's ineffectiveness claim in light of all the factual allegations mentioned under Grounds Five, Eight, and Nine.  Furthermore, the

ineffective assistance claims listed under Ground Five were not fairly presented to the state courts for exhaustion purposes because a C.P.L. § 440.20 motion is not the proper vehicle for such claims. *People v. Cuello*, 188 A.D.2d 428, 429, 591 N.Y.S.2d 409, 410 (1st Dep't 1992) ("[D]efendant's claim of ineffective assistance of counsel should have been brought by a motion pursuant to CPL 440.10 to vacate the judgment, not by way of a motion pursuant to CPL 440.20 to set aside the sentence[.]").  And regarding the "partially raised" individual sub-grounds, the state courts have not had the opportunity to consider them as articulated here in the amended petition.  Based on the reasoning of *Rodriguez*, the "partially raised" individual sub-grounds also are unexhausted.

In sum, Bethany's entire ineffective assistance of trial counsel claim—presented under Grounds Five, Eight, and Nine—has not been fairly presented to the state courts for one full round of appellate review because he has not raised all of the factual allegations supporting this claim in one application so that the state court could review them together.  Accordingly, the ineffective assistance claims it is unexhausted.  *See Rodriguez*, 928 F.3d at 538.

A habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(b)(3).  Bethany "already has used the one direct appeal to which he is entitled."  *Brewer v. Eckert*, No. 19-CV-6486-FPG, 2020 WL 10061923, at *4 (W.D.N.Y. Sept. 10, 2020) (citing *Cunningham v. Conway*, 717 F. Supp. 2d 339, 365 (W.D.N.Y. 2010) (citing )).  However, Bethany does have an available remedy for raising his ineffective assistance of trial counsel claim—another motion to vacate the judgment pursuant to C.P.L. § 440.10.

"There is no state statute of limitations that would bar him from bringing a second such motion."  *Brewer*, 2020 WL 10061923, at *4 (citing *People v. Corso*, 40 N.Y.2d 578, 580 (1976)).

Nor is there a cap on how many C.P.L. § 440.10 motions that a prisoner can bring.  *Mosley v. Rich*, No. 9:18-CV-00428-JKS, 2020 WL 3128530, at *12 (N.D.N.Y. June 12, 2020).  And, even if Bethany's ineffective assistance claim includes both record-based allegations and those based on off-the-record matters, he still may raise the claim in a C.P.L. § 440.10 motion.  "[U]nder New York law, where 'some of the defendant's allegations of ineffectiveness involve matters appearing on the record, while others involve matters that are outside the record, the defendant has presented a "mixed claim" of ineffective assistance.'"  *Pierotti v. Walsh*, 834 F.3d 171, 178 (2d Cir. 2016) (quoting *People v. Maxwell*, 933 N.Y.S.2d 386, 388 (2d Dep't 2011) (alteration omitted in original)).  Courts in New York have held that where "a defendant presents a mixed claim of ineffective assistance . . . in a [C.P.L. §] 440.10 motion," the claim "is not procedurally barred, and the [C.P.L. §] 440.10 proceeding is the appropriate forum for reviewing the claim of ineffectiveness in its entirety."  *Maxwell*, 933 N.Y.S.2d at 388 (quoted in *Pierotti*, 834 F.3d at 178).  In addition, the New York Legislature amended C.P.L. § 440.10 to exempt ineffective assistance of counsel claims from the mandatory dismissal provisions of C.P.L. § 440.10(2)(b) and (c).  *See People v. Green*, 160 N.Y.S.3d 108, 111 (N.Y. App. Div. 2022) ("[E]ffective October 25, 2021, CPL 440.10(2)(c) does not apply to the issue of ineffective assistance of counsel."); *see also Herring v. McCarthy*, No. 19-CV-6111 (CJS), 2022 WL 7326255, at *2 & n. 1 (W.D.N.Y. Oct. 13, 2022) (noting amendment); *Ervine v. Smith*, No. 15CIV9419ERSDA, 2022 WL 1094630, at *4 (S.D.N.Y. Apr. 12, 2022) (same).  Now, as a matter of statute, a C.P.L. § 440.10 court may not deny ineffective assistance trial counsel claims simply because they were based on errors apparent on the trial record or were also raised on direct appeal, as was permissible under the former C.P.L. § 440.10(2)(c).

Finally, "[w]hile the state court has the authority to deny a claim that could have been raised in an earlier collateral motion under C.P.L. § 440.10(3)(c),[3] there is no absolute rule in New York barring successive C.P.L. § 440.10 motions." *Brewer*, 2020 WL 10061923, at *4 (citing *Borcyk v. Lempke*, 727 F. Supp. 2d 189, 192 (W.D.N.Y. 2010) ("[D]enials [under C.P.L. § 440.10(3)(c)] are discretionary and do not impose an absolute bar on successive motions." (quoting *Bonilla v. Portuondo*, No. 00Civ.2369(JGK)(JCF), 2004 WL 350694, at *15 (S.D.N.Y. Feb. 26, 2004) (citations omitted)); *see also Borcyk*, 727 F. Supp. 2d at 192-93 ("disagree[ing] with the respondent's argument that C.P.L. § 440.10(3)(c) requires a finding of 'deemed exhausted—procedurally defaulted'"). Because Bethany still has an available avenue to return to state court to exhaust his ineffective assistance claim as articulated in Grounds Five, Eight, and Nine, "it cannot be deemed exhausted." *Brewer*, 2020 WL 10061923, at *4 (citing *Browne v. Heath*, No. 11 CV 1078 DLI, 2014 WL 8390320, at *16 (E.D.N.Y. Aug. 25, 2014), *report and recommendation adopted*, No. 11-CV-1078 DLI CLP, 2015 WL 1469182 (E.D.N.Y. Mar. 30, 2015)).

2. **The *Brady* Claim, as Articulated in Grounds One, Two, and Six Is Unexhausted**

The Court notes that Bethany filed a counseled C.P.L. § 440.10 motion in which he raised a *Brady* claim premised on the following factual allegations:  (1) the prosecution failed to disclose the actual terms of jailhouse informant Jeffrey Cohen's plea deal and failed to correct his allegedly perjurious testimony on that subject (Ground One in the amended petition); and (2) the prosecution failed to disclose Burnham's felony drug convictions and failed to correct Burnham's allegedly

---

[3] "[T]he court may deny a motion to vacate a judgment when . . . [u]pon a previous motion made pursuant to this section, the defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so. . . ."  N.Y. Crim. Proc. Law § 440.10(3)(c).

perjurious testimony on that subject (Ground Two in the amended petition). *See* Resp't Ex. D. The motion court denied relief under C.P.L. § 440.10 without a hearing, and the Appellate Division denied leave to appeal.

Ground Six, which Bethany characterizes as an "actual innocence" claim based on the "unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to [him][,]" has never been raised in any state court proceeding. At the outset, an actual innocence claim is not cognizable as a basis for release from custody on federal habeas review. *See Herrera v. Collins*, 506 U.S. 390, 398 (1993) (affirming the lower court's dismissal of petitioner's "actual innocence" claims based on its conclusion that "the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus"); *see also id.* at 400 ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.").

Ground Six instead should be characterized a due process violation resulting from the prosecution's alleged failure to fulfill its *Brady* obligation to disclose materially favorable evidence in its possession to the defense. The evidence in question, according to Bethany, consists of "footage from D-11 police camera located at corner of Hampshire and West Ferry Streets." ECF No. 34 at 23. Bethany asserts that on June 11, 2012, he informed the detectives that "Ron" called him about 5 p.m. and asked him to "take care of some business[.]" *Id.* According to Bethany, the prosecution "edited" out footage from "16:36 or 17:07 when Ron called [him] from Burnham's phone[.]" *Id.* The prosecution also "withheld" footage that would have shown that when Burnham testified that the victim passed by "us", the "us" referred to Burnham and Ron, not Burnham and Bethany. *Id.* Bethany claims that this footage was "favorable" since it would have

8

"prove[n] to the jury that he did not need to ask Burnham who was around that should not be since one of the shooters already knew what the victim looked like." *Id.*

While the value of the surveillance footage's remains obscure, notwithstanding Bethany's explanation, it is clear that that Ground Six is based on evidence that exists outside the trial record—if it exists at all. Accordingly, it could not have been raised on direct appeal. *See, e.g.*, *People v. Rivera*, 33 A.D.3d 942, 943, 826 N.Y.S.2d 299, 300 (2d Dep't 2006) ("The defendant's contention that he was denied the effective assistance of counsel because his attorney failed to advise him of the potential immigration consequences of his plea is *dehors* the record and not properly before this court [on direct appeal]."). The Supreme Court has instructed that determining whether evidence not disclosed by the prosecution was "material," in violation of *Brady*, "turns on the cumulative effect of all [the] suppressed evidence," *Kyles v. Whitley*, 514 U.S. 419, 421 (1995), and thus the suppressed evidence must be "considered collectively, not item by item." *Id.* at 436. Because Bethany has not presented the factual allegations in Ground Six to the state courts to consider collectively with the factual allegations in Ground One and Two, he has not fairly presented his *Brady* claim to the state courts. As discussed above, Bethany still has state remedies available in the form of another C.P.L. § 440.10 motion. Therefore, the *Brady* claim as articulated in Grounds One, Two, and Six is unexhausted.

### 3.    Summary

The claim of ineffective assistance of trial counsel, which is presented in Grounds Five, Eight, and Nine, includes a number of factual allegations which have never been presented to any state court or which were not presented in the proper state procedural vehicle. This renders the entire ineffectiveness claim, as articulated in Grounds Five, Eight, and Nine, fully unexhausted. The factual allegations in Ground Six were never presented to the state courts, let alone in tandem

with the factual allegations in Grounds One and Two, which were both presented in his counseled C.P.L. § 440.10 motion to vacate the judgment.  Thus, the entire *Brady* claim consisting of Grounds One, Two, and Six has not been presented to any state court for consideration of the cumulative prejudice resulting from the non-disclosure of the various different items of evidence. Accordingly, the amended petition must be classified as a "mixed petition" containing both exhausted and unexhausted claims.

## III.    Procedural Options Available for Mixed Petitions

"Courts in this Circuit have identified four procedural options available when confronted with a mixed petition: '(1) dismiss the petition in its entirety without prejudice; (2) deny the entire petition on the merits [pursuant to 28 U.S.C. § 2254(b)(2)]; (3) allow the petitioner to delete the unexhausted claims and proceed with his exhausted claims; or (4) in limited circumstances, stay the petition to allow petitioner to exhaust his unexhausted claims.'"  *Brewer*, 202 WL 10061923, at *4 (alteration in original (quoting *Wesley-Rosa v. Kaplan*, 274 F. Supp. 3d 126, 128 (E.D.N.Y. 2017)) (citing *Rhines v. Weber*, 544 U.S. 269, 277 (2005); *Zarvela v. Artuz*, 254 F.3d 374, 381-82 (2d Cir. 2001)).

The first option is dismissal of the habeas application in its entirety without prejudice to allow the petitioner to return to state court to exhaust the unexhausted claims.  However, that option is only appropriate when doing so would not impair the petitioner's ability to return to federal court.  *See Zarvela*, 254 F.3d at 382 (stating that dismissal of the petition without prejudice was not appropriate for the petitioner "because, with so little time remaining on his statutory one-year limitations period, a complete dismissal 'jeopardize[d] the timeliness of a collateral attack'") (alteration in original) (quoting *Freeman v. Page*, 208 F.3d 572, 577 (7th Cir. 2000)).  Here, the statute of limitations has expired, and Bethany is out of time to file another habeas petition

challenging this conviction.[4]  Therefore, dismissal of the entire amended petition without prejudice is not appropriate.

The second option allows the Court to reach the merits of all of the claims in the amended petition, unexhausted and exhausted, pursuant to 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus *may be denied* on the merits notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.") (emphasis supplied).  "However, the *only* outcome with this option is *denial* of the entire petition."  *Brewer*, 2020 WL 10061923, at *5 (emphases supplied) (citing *Caswell v. Racetti*, No. 11-CV-0153 MAT, 2012 WL 1029457, at *4 (W.D.N.Y. Mar. 26, 2012) ("The Second Circuit and other circuit courts of appeals have interpreted this provision to allow courts to deny mixed petitions on the merits, but not to allow courts to grant mixed petitions on the merits."  (citing *Turner v. Artuz*, 262 F.3d 118, 122 (2d Cir. 2001) (discussing the 1996 amendments to the habeas statute adding 28 U.S.C. § 2254(b)(2) and stating that "[a] district therefore now has the option of denying mixed petitions on the merits"); *Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002) ("The district court in this case, faced with a petition containing two unexhausted claims, adopted neither approach; instead, it pursued a

---

[4] The New York Court of Appeals affirmed Bethany's conviction on April 28, 2017, *see* ECF No. 34 at 2 ¶ 11.  For purposes of 28 U.S.C. § 2244(d)(1)(A), the conviction became final 90 days later, on July 27, 2017, when his time for filing a petition for a writ of *certiorari* in the United States Supreme Court expired.  *Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998).  The limitations period ran for 217 days until Petitioner, through counsel, filed the C.P.L. § 440.10 motion on March 1, 2018.  *See* Resp't Ex. D.  Pursuant to 28 U.S.C. § 2244(d)(2), the C.P.L. § 440.10 motion tolled the period until February 4, 2019, when the Appellate Division, Fourth Department, denied leave to appeal the lower court's denial of the motion.  *See* Resp't Ex. E.  The period ran again for 57 days until April 2, 2019, when Petitioner filed his *pro se* C.P.L. § 440.20 motion.  *See* Resp't Ex. H.  This motion provided tolling until September 23, 2019, when the Appellate Division, Fourth Department, denied leave to appeal.  *See* Resp't Ex. I.  The period ran again for 36 days until October 29, 2019, when Petitioner filed his first petition for a writ of *error coram* nobis in the Appellate Division.  *See* Resp't Ex. F.  The period was tolled until February 20, 2020, when the New York Court of Appeals denied leave to appeal.  *See* Resp't Ex. G.

Once tolling ended, Petitioner had 55 days remaining on the statute of limitations (217 + 57 + 36 = 310).  Petitioner timely filed his habeas petition in this Court, but federal habeas petitions do not provide statutory tolling under 28 U.S.C. § 2244(d)(2).  *Duncan v. Walker*, 533 U.S. 167, 181 (2001).  Therefore, the limitations period has continued to run, and it expired well before Petitioner filed his second *coram nobis* application on November 4, 2021.  *See* ECF No. 34 at 19 ¶ 16(c).  The period cannot be "restarted" by the filing of another state-court application for collateral relief.  *Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002) (citation omitted).

hybrid disposition, dismissing one claim on the merits pursuant to § 2254(b)(2), and the other without prejudice . . . . As will be seen, this approach is . . . unauthorized by § 2254(b)(2).”))); *see also, e.g.*, *Perez v. Lee*, No. 14CV05763JPOBCM, 2017 WL 480619, at *6 (S.D.N.Y. Jan. 6, 2017) (“[A] court ‘may deny but not grant’ unexhausted claims on the merits.”), *report and recommendation adopted*, No. 14-CV-5763 (JPO), 2018 WL 740995 (S.D.N.Y. Feb. 7, 2018).

Under the third option, Bethany would agree to dismiss, without prejudice, the unexhausted claims from the amended petition, removing them from this Court’s consideration. Because the amended petition then would contain only exhausted claims, the Court theoretically could grant habeas relief, provided that Bethany satisfied the prerequisites in 28 U.S.C. § 2254(d) by showing that the state courts’ adjudications of the exhausted claims on the merits were contrary to, or an unreasonable application of, clearly established Supreme Court precedent, *see id.* § 2254(d)(1); or were based on an unreasonable determination of the facts in light of the evidence presented, *see id.* § 2254(d)(2).

There are a few options within option three. With regard to the *Brady* claim, Bethany could excise Ground Six and proceed solely on the allegations in Grounds One and Two, which have been presented to the state courts in one post-conviction proceeding (the counseled C.P.L. § 440.10 motion). However, if Bethany believes his *Brady* claim must be based on *all* the factual allegations in Grounds One, Two, and Six, then he would have to remove all three grounds because a *Brady* claim based on all of those factual allegations is unexhausted. With regard to the ineffective assistance of trial counsel claim, Bethany could proceed solely on the allegations that were presented in his *pro se* supplemental C.P.L. § 440.10 motion—the allegations in Ground Eight and in Ground Nine under paragraphs I(5), I(6), I(7), I(8), I(9), I(10), I(11), I(13), and I(14). He also could proceed solely on the allegations that were presented in his *pro se* supplemental appellate

brief—Ground Nine sub-claim I(3).  However, as discussed above, he cannot proceed on any of the Ground Nine allegations that were only "partially raised" in the *pro se* C.P.L. § 440.10 motion or the *pro se* supplemental appellate brief because they remain unexhausted.  In addition, the allegations of trial counsel's ineffectiveness in Ground Five, raised in the C.P.L. § 440.20 motion to set aside the sentence, were not asserted in the proper procedural vehicle.  Thus, they have not been fully exhausted.

The fourth option is to grant a stay and holding the amended petition in abeyance.  However, the Court finds that this option is inappropriate here.  As an initial matter, Bethany has not requested a stay to exhaust his ineffective assistance of trial counsel claims (Grounds Five, Eight, and Nine) or the claim based on the allegedly withheld surveillance camera footage (Ground Six).  The Court notes that earlier in this proceeding, Bethany did file a motion to stay the petition to exhaust certain ineffective assistance of appellate counsel claims raised in his second *coram nobis* petition.  He did not, however, request a stay as to his claims of ineffective assistance of trial counsel (Grounds Five, Eight, and Nine) or his claims based on the prosecution's alleged failure to disclose surveillance camera footage (Ground Six).

Even if Bethany had requested a stay as to these as-yet-unexhausted claims, he cannot, on this record, fulfill the standard in *Rhines*, 546 U.S. at 277-78.  In *Rhines*, the Supreme Court held that a district court may stay a mixed petition "only in limited circumstances," that is, "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  546 U.S. at 277-78.  On the other hand, the Supreme Court explained, it would be an abuse of discretion to grant a stay when the claims are "plainly meritless."  *Id.* at 277.  And "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the

state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.*

In its previous order, the Court found that Bethany had not demonstrated entitlement to a stay as to his ineffective assistance of appellate counsel claims because he could not show "good cause" for waiting six years to begin exhausting those claims; he clearly would have known about appellate counsel's shortcomings at the time of his direct appeal.  Here, too, Bethany cannot show good cause for exhausting his unexhausted claims of ineffective assistance of trial counsel or allegedly withheld exculpatory evidence, none of which are based information that was not available to him at an earlier time.  The lack of good cause, standing alone, is a sufficient basis to decline to stay a habeas petition. *See Carr v. Graham*, 27 F. Supp. 3d 363, 365 (W.D.N.Y. 2014) ("The absence of 'good cause' for the failure to exhaust is fatal to Petitioner's ability to fulfill the *Rhines* standard.").

Furthermore, the ineffective assistance of trial counsel claims amount to nothing more than Bethany's minute dissection, with the benefit of hindsight, of nearly every strategic decision each of his assigned attorneys made.  Such "nitpicking criticisms do not establish ineffective assistance on counsel's part." *Oakes v. Conway*, No. 10-CV-0318 MAT, 2011 WL 3236201, at *13 (W.D.N.Y. July 28, 2011); *see generally Strickland v. Washington*, 466 U.S. 668, 696 (1984) ("The object of an ineffectiveness claim is not to grade counsel's performance.").  And Ground Six is based on pure speculation about what the allegedly withheld surveillance camera footage would have shown, what the jury would have inferred from it, and how it would have altered the jury's conclusion regarding Bethany's guilt.  "Federal district courts cannot grant habeas relief based upon unsubstantiated surmise, opinion or speculation." *Mills v. Lempke*, No. 11-CV-0440 MAT, 2013 WL 435477, at *23 (W.D.N.Y. Feb. 4, 2013).  Since none of the exhausted claims are

"potentially meritorious," it would be an abuse of this Court's discretion to send them back so that the state courts could expend scarce judicial resources adjudicating them.

Therefore, the only two options available to Bethany are the second and third. Under the second option, he would proceed with the amended petition, unexhausted claims included, with the only outcome being a denial of the entire amended petition on the merits under the authority of 28 U.S.C. § 2254(b)(2). Under the third option, he would agree to excise the unexhausted grounds for relief, as discussed in more detail above. Bethany would then proceed on only the exhausted claims in the amended petition. Bethany will have thirty (30) days to evaluate his options and inform the Court in writing which option he is electing.

## CONCLUSION

For the reasons discussed above, the amended petition is a "mixed" petition containing exhausted and unexhausted claims. Dismissal of the entire amended petition without prejudice would jeopardize the timeliness of a subsequent federal habeas petition and, accordingly, is inappropriate. Staying the amended petition and holding it in abeyance also is inappropriate because Bethany cannot fulfill the *Rhines* criteria. That leaves Bethany with two options—proceed on the entire amended petition knowing that the only outcome is denial of the amended petition on the merits; or choosing to eliminate the unexhausted allegations from the amended petition as discussed more fully above. Bethany must inform the Court in writing which option he wishes to pursue within thirty (30) days of the date of entry of this Decision and Order.

IT IS SO ORDERED.

Dated: December 19, 2022
    Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

15