UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RAYSHAWN BETHANY,                                    Case # 20-CV-6761-FPG

                                    Petitioner,      DECISION AND ORDER

        v.

JOSEPH H. NOETH,

                                    Respondent.

---

## INTRODUCTION

This is a proceeding pursuant to 28 U.S.C. § 2254 ("Section 2254") brought by the *pro se* petitioner, Rayshawn Bethany.  ECF No. 1.  In a decision and order entered December 19, 2022, ECF No. 36, the Court found that Bethany's amended petition, ECF No. 34, is a mixed petition containing exhausted and unexhausted claims.  After considering the four procedural options available for mixed petitions, the Court declined to dismiss the entire amended petition without prejudice because doing so would jeopardize the timeliness of a subsequent federal habeas petition. ECF No. 36 at 10-11.  The Court also found that the use of a stay-and-abeyance, described as the fourth procedural option, was unjustified.  *Id.* at 13-15.  The Court instructed Bethany that there were two procedural options available—proceed on the entire amended petition knowing that the only outcome is denial of the amended petition on the merits under 28 U.S.C. § 2254(b)(2), or eliminate the unexhausted allegations from the amended petition.  ECF No. 36 at 12-13, 15. Bethany was directed to file his response no later than 30 days after the Court entered its order. *Id.* at 15.

Bethany timely responded by filing a pleading captioned as a "Request for Reconsideration of Exhausted and Unexhausted Claims and Reconsideration of Procedural Option Four," ECF No.

37 at 1-5, and a "Request for Evidentiary Hearing, *id.* at 6-7.  Respondent did not respond to either request.  For the reasons discussed below, the Court grants in part and denies in part the request for reconsideration of the previous exhaustion rulings; denies reconsideration of the denial of a stay; denies a stay; and denies an evidentiary hearing.

## RECONSIDERATION

Bethany requests reconsideration of the Court's exhaustion rulings regarding Ground Five, Ground Six, and various sub-grounds within Ground Nine.  ECF No. 37 at 1-3.  He also requests reconsideration of "procedural option four," *id.* at 4-5, and the grant of a stay-and-abeyance, *id.*

## I.      Legal Standard

"Where a movant fails to indicate which Federal Rule of Civil Procedure applies, courts have considered a motion for reconsideration to constitute either a motion to alter or amend a judgment under Rule 59(e) or a motion for relief from a judgment or order pursuant to Rule 60(b)." *Miran v. Solomon*, No. 15-CV-6133-FPG, 2021 WL 48517, at *1–2 (W.D.N.Y. Jan. 6, 2021) (citing *Assoc. for Retarded Citizens of Conn., Inc. v. Thorne*, 68 F.3d 547, 553 (2d Cir. 1995)). Since Bethany's motion was filed within 28 days of the date of the order he challenges, the Court will deem his motion as brought under Rule 59(e).  *See id.*

"'It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits[.]'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).  "Rather, 'the standard for granting [a Rule 59 motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'"  *Id.* (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); alteration in original).

**II.     The Exhaustion Rulings**

**A.     Ground Five**

Grounds Five, Eight, and Nine consist of allegations that the multiple attorneys who represented Bethany at the trial level were constitutionally ineffective.  Ground Five in particular asserts that attorney John Jordan, Esq. had a "conflict" at sentencing because he failed to object to alleged misinformation in the pre-sentence report.  ECF No. 34 at 22.  When originally asked by the Court where this claim was raised, however, Bethany cited only his C.P.L. § 440.20 motion and did not mention his *pro se* supplemental C.P.L. § 440.10 motion.  *See* ECF No. 34 at 22.  The Court found that Ground Five is unexhausted because it was raised in his *pro se* C.P.L. § 440.20 motion to set aside the sentence.  ECF No. 36 at 5, 13.  As the Court explained, a C.P.L. § 440.20 motion to set aside the sentence is the wrong vehicle for raising an ineffective assistance claim, which should be raised in a C.P.L. § 440.10 motion to vacate the judgment.  *Id.*

Bethany now asserts that Ground Five also was raised in his *pro se* supplemental C.P.L. § 440.10 motion in Argument II(I).  *See* ECF No. 37 at 1 ¶ 2.  After comparing the pleadings, the Court agrees that Bethany did mention counsel's failure to object to the pre-sentence report at page 23 of his 31-page brief in support of his *pro se* supplemental motion to vacate under C.P.L. § 440.10.  The Court grants reconsideration as to Ground Five and finds that it was raised in the *pro se* supplemental C.P.L. § 440.10 motion as well as the C.P.L. § 440.20 motion.

**B.     Ground Six**

As the Court noted in its previous order, Grounds One, Two, and Six all assert violations of *Brady v. Maryland*, 373 U.S. 83 (1963).  ECF No. 36 at 7-9.  Ground One asserts that the prosecution failed to disclose the actual terms of jailhouse informant Jeffrey Cohen's plea deal and failed to correct his allegedly perjurious testimony on that subject.  *Id.* at 7.  Ground Two alleges

that the prosecution failed to disclose Brandon Burnham's felony drug convictions and failed to correct his allegedly perjurious testimony on that subject. *Id.* at 7-8. The Court found that Grounds One and Two were raised in Bethany's counseled C.P.L. § 440.10 motion. *Id.* Ground Six asserts that the prosecution withheld "footage from D-11 police camera located at corner of Hampshire and West Ferry Streets." *Id.* at 8 (citing ECF No. 34 at 23). Bethany conceded that it was "[n]ot raised" below. ECF No. 34 at 23.

Bethany still concedes that Ground Six is unexhausted but asserts that the exhaustion requirement should be excused as to Ground Six because he did not learn of the police camera footage until after the counseled C.P.L. § 440.10 motion was filed. ECF No. 37 at 2 ¶¶ 4-6. Bethany alternatively asserts that he believed he could obtain habeas review of Ground Six if he could "satisfy either the cause and prejudiced [sic] or actual innocence barrier," *id.* ¶ 7, which the Court understands to suggest that, in Bethany's opinion, Ground Six must be deemed exhausted and procedurally defaulted.[1]

Bethany, however, does not face an absence of corrective process as to Ground Six, which he could raise in a subsequent C.P.L. § 440.10 motion. Therefore, Ground Six cannot be deemed exhausted and procedurally defaulted. *See* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the

---

[1] "[E]ven when a claim is not fairly presented, the court may deem it exhausted if there is an 'absence of available State corrective process under § 2254(b)(1)(B)(i)' because 'it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state forum would be futile.'" *Reese v. Alexander*, 37 F. App'x 5, 7 (2d Cir. 2002) (citing *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001) (internal quotations marks omitted)). "[W]hen 'the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,' federal habeas courts also must deem the claims procedurally defaulted." *Aparicio* 269 F.3d at 90 (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). To be heard on a deemed exhausted and procedurally defaulted claim, the petitioner "must show cause for the default and prejudice, or demonstrate that failure to consider the claim will result in a miscarriage of justice (i.e., the petitioner is actually innocent)." *Id.* (quoting *Coleman*, 501 U.S. at 748-50).

question presented.").    As the Court explained in its previous order, Ground Six is fully

unexhausted.  ECF No. 36 at 9.  The Court denies reconsideration as to Ground Six.

### C.    Sub-grounds Within Ground Nine

Ground Nine, another claim attacking the effectiveness of Bethany's trial attorneys,

consists of sixteen separate sub-grounds.  *See* ECF No. 34 at 31-43.  In its previous order, the

Court noted that Bethany admitted failing to exhaust the following factual allegations under

Ground Nine: "I(1), ECF No. 34 at 31; I(4), *id.* at 33-35; and I(12), *id.* at 39."  ECF No. 36 at 4.

Additionally, the Court observed, Bethany admitted that "the following factual allegations under

Ground Nine were only 'partially raised' in state court: I(2), [ECF No. 34] at 31-33; I(8), *id.* at 37;

I(15), *id.* at 41-42; and I(16), *id.* at 42."  ECF No. 36 at 4.  Bethany did not indicate which portions

of the "partially raised sub-grounds were raised in a state court post-conviction application and

which were not."  *Id.*

### 1.    Sub-ground I(1)

Sub-ground I(1) asserts that defense counsel untruthfully represented to Bethany on March

14, 2013, that he could not testify at the grand jury, whereas Bethany actually had until March 22,

2013, to make that decision.  ECF No. 34 at 31.  In his amended petition, Bethany admitted that

sub-ground I(1) was not raised in any state court proceeding.  *Id.*  Now, however, he claims that

he exhausted it in his *pro se* C.P.L. § 440.10 motion.  ECF No. 37 at 3 ¶ 10.  He asserts that even

though there is a "difference in allegations," it "did not change [the] argument raised in state court."

*Id.* (citing Petitioner's Affidavit at 19-20 and Petitioner's Memorandum of Law in Support of *Pro

Se* C.P.L. § 440.10 Motion at Argument II(G), Respondent's Exhibit D).

After comparing the pleadings, the Court disagrees.  The state court pleadings do not

explicitly or implicitly assert that defense counsel falsely told Bethany he had missed his

opportunity to testify before the grand jury.  Rather, the state court pleadings allege that defense counsel failed to argue that the prosecution improperly denied Bethany the opportunity to testify. Bethany therefore has not shown that the factual basis for the ineffectiveness claim asserted in state court is substantially equivalent to the one he is asserting in the amended petition.  *See Jones*, 329 F.3d at 295.  Reconsideration is denied as to sub-ground I(1) of Ground Nine.

### 2.      Sub-ground I(3)

Bethany states that this Court, in its previous order, did not mention whether sub-ground I(3) is exhausted.  ECF No. 37 at 3 ¶ 8.  He asserts it was exhausted.  *Id.*  It is unclear what Bethany wishes the Court to reconsider because the Court did not find that sub-ground I(3) was unexhausted.  As the Court acknowledged, Bethany asserted that he included sub-ground I(3) in his *pro se* supplemental appellate brief.  *See* ECF No. 36 at 3 (citing ECF No. 34 at 33).  In other words, the Court did not overlook the fact that Bethany raised this sub-ground in a post-conviction proceeding in state court.  Reconsideration is denied as moot.

### 3.      Sub-grounds I(2) and I(8)

Bethany previously indicated that sub-grounds I(2) (failure to object to or investigate Detective Valvo's perjured grand jury testimony) and I(8) (counsel did not review with Bethany certain camera footage that had been withheld) were only partially raised in state court .  *See* ECF No. 34 at 31 (stating that I(2) was "partially raised Appeal pgs 16 and 21"); *id.* at 37 (stating that I(8) was "partially raised Supplemental CPL 440.10 Motion Argument II[G]").  He now claims that they were fully exhausted because "the factual allegations within state court record is [sic] similar to the factual allegations within this proceeding."  ECF No. 37 at 3 ¶ 9.

As raised in the amended petition, sub-ground I(2) asserts that Bethany informed trial counsel about the alleged perjury based on inconsistencies in Detective Valvo's grand jury and

suppression hearing testimony, and requested that counsel move to reopen the suppression hearing. *See* ECF No. 34 at 31-33. Bethany goes into a fair amount of detail about the alleged perjury and how, if trial counsel had challenged it, it would have resulted in the dismissal of the indictment. In the *pro se* supplemental appellate brief, Bethany asserts that trial counsel should have reviewed the prior proceedings (the grand jury and the suppression hearing) which would have shown Detective Valvo's "inconsistent testimonies," but he does not specify them *See* Petitioner's *Pro Se* Supplemental Appellate Brief at 16, Respondent's Exhibit D. At section II(G) of the memorandum of law in support of the *pro se* supplemental C.P.L. § 440.10 motion, Bethany states generally that he mentioned to trial counsel that a new suppression hearing "may be" warranted based on Detective Valvo's "perjured testimony." Based on the differences between the pleadings in state court and the amended petition, Bethany has not established that he raised the substantial equivalent of sub-ground I(2) in state court. *See Jones v. Keane*, 329 F.3d 290, 295 (2d Cir. 2003) ("The claim presented to the state court . . . must be the 'substantial equivalent' of the claim raised in the federal habeas petition.") (citations omitted). Reconsideration is denied as to sub-ground I(2) of Ground Nine.

Sub-ground I(8) is based on trial counsel's failure to review "camera footage" that was "withheld" with Bethany prior to trial. ECF No. 34 at 37. Bethany states that this sub-ground was partially raised in his *pro se* supplemental C.P.L. § 440.10 motion in argument II(G). The amended petition asserts that Bethany was "unable to inform counsel that favorable footage was withheld." ECF No. 34 at 37. Presumably, Bethany is referring to the footage from the D-11 police camera located at corner of Hampshire and West Ferry Streets which he claims was withheld by the prosecution. As noted above, Bethany asserts that he did not discover this camera footage until after trial; Ground Six is the *Brady* claim he has brought based upon it.

The camera footage referenced under the heading for argument II(G) in his *pro se* C.P.L. § 440.10 brief appears to be different than the camera footage mentioned in Ground Six.   In the *pro se* C.P.L. § 440.10 brief, Bethany asserted that trial counsel failed to discuss with him or allow him to view, prior to trial, certain camera footage that "was introduce[d] by the prosecution at trial."   *See* Petitioner's Memorandum of Law in Support of *Pro Se* Supplemental C.P.L. § 440.10 at 21, Respondent's Exhibit D.   Bethany therefore has not shown that the factual basis for the ineffectiveness claim asserted in state court is substantially equivalent to the one he is asserting in the amended petition.   *See Jones*, 329 F.3d at 295.   Reconsideration is denied as to sub-ground I(8) of Ground Nine.

### 4.   Sub-ground I(15)

Sub-ground I(15) asserts that trial counsel's "errors during opening and closing statements" and counsel's "failure to request a mistrial" were ineffective.   ECF No. 34 at 41.   There are numerous sub-sub-grounds within sub-ground I(15).   *See id.* at 41-42.   In the amended petition, Bethany stated that he "partially raised" sub-ground I(15) in "[a]rgument II[H]" of his memorandum of law in support of his *pro se* supplemental C.P.L. § 440.10 motion.   *Id.* at 41.

The Court, in its previous order, observed that Bethany had not clearly indicated which portions of sub-ground I(15) were raised in a state court post-conviction application and which were not.   ECF No. 36 at 4.   Bethany now states that he presented the following allegations in the C.P.L. § 440.10 motion:   counsel failed to object to the prosecutor's summation comment that the front-seat van passenger was wearing a mask (hereinafter, "sub-sub-ground I(15)(a)") and counsel failed to make a mistrial motion (hereinafter, "sub-sub-ground I(15)(b)").   ECF No. 37 at 3 ¶ 11. After reviewing the state court pleadings, the Court agrees.

Nonetheless, that does not alter the fact that following sub-sub-grounds in I(15) remain unexhausted: counsel's opening was ineffective because he did not present any facts to rebut the prosecution's case (hereinafter, "sub-sub-ground I(15)(c)"); counsel failed to investigate to find evidence to rebut Cohen's testimony that Bethany sold drugs on Goodyear Street (hereinafter, "sub-sub-ground I(15)(d)"); and counsel erroneously became an unsworn witness when he argued to the jury during summation that Cohen "made up a story" about Goodyear Street (hereinafter, "sub-sub-ground I(15)(e)").  ECF No. 34 at 41-42.

### 5.     Sub-ground I(16)

Sub-ground I(16) asserts that trial counsel did not file a motion to quash the subpoena issued for Brandon Burnam (hereinafter, "sub-sub-ground I(16)(a)") or file a motion *in limine* to preclude Jeffrey Cohen from testifying that Bethany sold drugs on Goodyear Street (hereinafter, "sub-sub-ground I(16)(b)").  ECF No. 34 at 42.  In the amended petition, Bethany stated that he "partially raised" these allegations in "[a]rgument II[H]" of his memorandum of law in support of his *pro se* supplemental C.P.L. § 440.10 motion.  *Id.*  He now asserts that although the wording in the state court proceeding "was different, it did not change the factual allegation."  ECF No. 37 at 3 ¶ 12.  Bethany refers to page 17 of his *pro se* affidavit in support of the supplemental C.P.L. § 440.10 motion and pages 18 and 31 of the memorandum of law.  *Id.*

The Court agrees that Bethany asserted the ineffectiveness claim based on counsel's failure to move to quash the subpoena for Brandon Burnham at page 18 of the memorandum of law in support of the *pro se* C.P.L. § 440.10 motion.  The Court therefore grants reconsideration as to sub-sub-ground I(16)(a).

At page 17 of the C.P.L. § 440.10 affidavit and page 31 of the C.P.L. § 440.10 memorandum of law, Bethany alleges that trial counsel should have objected to the *ex parte* nature

of a pretrial proceeding involving Jeffrey Cohen.  According to Bethany, if he or trial counsel had been present, Cohen's "false testimony" could have been brought to the court's attention and would have led to the preclusion of Cohen's testimony.  The Court does not find that the generalized allegations in the C.P.L. § 440.10 motion regarding the *ex parte* hearing involving Cohen are substantially equivalent to the more specific allegations in the amended petition that trial counsel should have made a motion *in limine* to preclude Cohen from testifying about Bethany's alleged drug-dealing activities.  The Court therefore denies reconsideration as to sub-sub-ground I(16)(b).

## III.   Denial of a Stay-and-Abeyance (Procedural Option Four)

Bethany requests reconsideration of the Court's ruling denying him access to the "fourth procedural option," i.e., the stay-and-abeyance procedure, *see* ECF No. 36 at 13-14.  In particular, he wishes to return to state court and file a C.P.L. § 440.10 motion to exhaust Ground Six (the *Brady* claim based on the "footage from D-11 police camera located at corner of Hampshire and West Ferry Streets"); Ground Nine sub-ground (I)(4) (ineffective assistance based on trial counsel's failure to investigate the circumstances of Bethany's interrogation, prepare him to testify at the suppression hearing, and develop the suppression record) and Ground Nine sub-ground (I)(12) (ineffective assistance based on trial counsel's failure to advise Bethany that he should testify to rebut the prosecution's case).  ECF No. 37 at 4 ¶ 13.

In *Rhines v. Weber*, 546 U.S. 269 (2005), the Supreme Court held that a district court may stay a mixed petition "only in limited circumstances."  *Id.* at 277.  "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."  *Id.*  "[E]ven if a petitioner had good

cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.*

Bethany does not specifically address the *Rhines* factors in his application but, because he is unrepresented, the Court has construed it "liberally" "to raise the 'strongest argument [i]t suggest[s].'" *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (internal citation and quotation marks omitted in original)).  He first asserts that when he previously asked to withdraw his habeas petition, *see* ECF No. 28, he intended to file another C.P.L. § 440.10 motion, "but due to the time restriction and not knowing how [the] amended CPL Article 440 statute[2] would affect [him]," he decided not to do so.  ECF No. 37 at 4 ¶ 14.  The Court has considered whether these allegations about Bethany's alleged confusion suffice to show "good cause."

The Supreme Court has never defined "good cause," and since *Rhines*, it has mentioned the concept only once in *dictum*.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) ("A petitioner's reasonable confusion about whether a *state* filing would be timely will ordinarily constitute 'good cause' for him to file [a 'protective' petition] in federal court [and seek a stay].") (emphasis supplied).  Since there is no time limitation on filing a motion to vacate, *see* N.Y. Crim. Proc. Law § 440.10(1) (permitting a motion to vacate "[a]t any time after entry of a judgment"), Bethany could not have been reasonably confused about the timeliness of any future C.P.L. § 440.10 motion.  And Bethany's suggestion that he was confused about how the amendment to C.P.L. § 440.10 would affect his case is contradicted by his letter to this Court seeking withdrawal

---

[2] As the Court previously noted, effective October 25, 2021, the New York Legislature amended C.P.L. § 440.10 to exempt ineffective assistance of counsel claims from the mandatory dismissal provisions of C.P.L. § 440.10(2)(b) and (c).  ECF No. 36 at 6 (citation omitted);

of the petition, in which he expressly relied on, and attached a copy of, the amended statutory language.  *See* ECF No. 28 at 1-2.

Bethany also cites federal case law that treats unexhausted claims as procedurally defaulted, ECF No. 37 at 4 ¶ 15, implying that his unexhausted claims should be deemed exhausted and procedurally defaulted.  He asserts that he can overcome any procedural default and therefore he believed he could obtain review of the claims without exhausting them first.  *Id.* ¶ 16.  Bethany is correct that where there is an absence of state corrective process under 28 U.S.C. § 2254(b)(1)(B)(i) to exhaust a claim, federal courts have the power to deem the claim exhausted but procedurally defaulted.  *Aparicio*, 269 F.3d at 90.  However, Bethany has not shown that he faced an absence of state corrective process to exhaust the claims of ineffective assistance in sub-grounds I(4) and I(12) of Ground Nine or the *Brady* claim in Ground Six.  Because those claims are based on evidence outside the record, they could still be brought in a C.P.L. § 440.10 motion as "there is no time limit or number cap on § 440.10 motions."  *Escamilla v. Annucci*, No. 9:14-CV-01590-JKS, 2017 WL 913653, at *6 (N.D.N.Y. Mar. 7, 2017).

To the extent Bethany suggests that a lack of legal knowledge is sufficient to establish "good cause" under *Rhines*, the case law uniformly holds to the contrary.  *See*, *e.g.*, *Simpson v. Yelich*, No. 18-CV-0417, 2018 WL 4153928, at *4 (N.D.N.Y. Aug. 30, 2018) ("[The] [p]etitioner's *pro se* status and inexperience with the law are insufficient to establish good cause."); *Wesley-Rosa v. Kaplan*, 274 F. Supp. 3d 126, 129 (E.D.N.Y. 2017) (holding that the petitioner's *pro se* status, placement in a maximum-security prison, typical challenges gaining access to the law library, and obligations to attend mandatory programming in lieu of spending time elsewhere, even in combination, were insufficient to establish good cause).  The lack of good cause, standing alone, is a sufficient basis to deny a stay.  *See Carr v. Graham*, 27 F. Supp. 3d 363, 365 (W.D.N.Y. 2014)

("The absence of 'good cause' for the failure to exhaust is fatal to Petitioner's ability to fulfill the *Rhines* standard.").

Finally, Bethany implies that he was prevented from exhausting claims involving Detective Valvo's alleged perjury because his appointed appellate attorney, who was permitted by his employer to continue his appointment in order to file a C.P.L. § 440.10 motion raising Grounds One and Two, was not permitted to investigate additional claims. *See* ECF No. 37 at 5 ¶ 17.

"Though the Second Circuit has not opined on the issue, '[m]ost district courts have ruled that ineffective assistance of counsel suffices to show good cause' in the stay-and-abeyance context." *Holguin v. Lee*, No. 13 CIV. 1492 LGS JLC, 2013 WL 3344070, at *3 (S.D.N.Y. July 3, 2013) (alteration in original) (collecting cases). In those cases, however, the petitioners were seeking a stay specifically to exhaust the claims of ineffectiveness of appellate counsel. *Id.* n.5. Bethany does not and could not do so here, because "the right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in collateral proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991) ("Coleman contends that it was his attorney's error that led to the late filing of his state habeas appeal. This error cannot be constitutionally ineffective[.]").

Even assuming that attorney error short of true constitutional ineffectiveness could constitute "good cause," the alleged failure of C.P.L. § 440.10 counsel to investigate Detective Valvo's alleged perjury does not excuse his failure to exhaust his claims prior to coming to federal court. C.P.L. § 440.10 counsel was quite clear in his correspondence to Bethany that he was *not* able to investigate or raise all of the issues Bethany wanted him to raise. *See* ECF No. 37 at 16. Moreover, after receiving counsel's letter notifying him that certain issues were not in the motion,

Bethany subsequently filed his own C.P.L. § 440.10 motion as a supplement to the counseled motion.  In sum, any omissions by C.P.L. § 440.10 counsel do not constitute "good cause" for Bethany failing to present his unexhausted claims to the state courts.

Furthermore, even if Bethany had shown "good cause" under *Rhines*, he has not demonstrated that the unexhausted claims at issue in his stay motion are "potentially meritorious." As the Court previous discussed, the unexhausted claims of ineffective assistance "amount to nothing more than Bethany's minute dissection, with the benefit of hindsight, of nearly every strategic decision each of his assigned attorneys made," ECF No. 36 at 14, and "[s]uch 'nitpicking criticisms do not establish ineffective assistance on counsel's part.'"  *Id.* (quoting *Oakes v. Conway*, No. 10-CV-0318 MAT, 2011 WL 3236201, at *13 (W.D.N.Y. July 28, 2011); citation omitted).  The Court also found that the *Brady* claim in Ground Six was "based on pure speculation about what the allegedly withheld surveillance camera footage would have shown, what the jury would have inferred from it, and how it would have altered the jury's conclusion regarding Bethany's guilt," *id.*, and it is well established that "'unsubstantiated surmise, opinion or speculation'" does not warrant habeas relief.  *Id.* (quoting *Mills v. Lempke*, No. 11-CV-0440 MAT, 2013 WL 435477, at *23 (W.D.N.Y. Feb. 4, 2013)).  Bethany's request for reconsideration of the Court's finding that procedural option four is unavailable to him is denied. The Court denies the request for a stay because Bethany has not fulfilled the *Rhines* criteria.

**IV.    Summary of the Court's Present Rulings and the Available Procedural Options**

As discussed above, the Court has denied reconsideration of its exhaustion rulings as to Ground Six and sub-grounds I(1), I(2), I(8), I(15)(c), I(15)(d), I(15)(e), and I(16)(b) of Ground Nine.  Those grounds, sub-grounds, and sub-sub-grounds were not properly presented to the state courts.  The Court has granted reconsideration of its exhaustion rulings as to Ground Five and sub-

sub-grounds I(15)(a), I(15)(b), and I(16)(a) of Ground Nine.  Based on clarification provided by Bethany, the Court concludes that he presented Ground Five and sub-sub-grounds I(15)(a), I(15)(b), and I(16)(a) of Ground Nine to the state courts.  The Court denied as moot the request for reconsideration as to sub-ground I(3) of Ground Nine because the Court did not find it unexhausted in the previous order.

Finally, the Court has denied reconsideration of its ruling denying the use of the fourth procedural option (stay-and-abeyance).  Because Bethany still cannot meet the exacting *Rhines* standard, the Court denies a stay.

As far as the remaining options, the first procedural option—dismissal of the amended petition without prejudice—is inappropriate because, as the Court previously discussed, the statute of limitations has expired.

Bethany still has two procedural options available to him.  The second procedural option remains the same as the Court previously explained.  *See* ECF No. 36 at 15.  He could proceed with the amended petition, unexhausted claims included, with the only outcome being a denial of the entire amended petition on the merits under the authority of 28 U.S.C. § 2254(b)(2).

The third procedural option, as regards the *Brady* claim, also remains the same.  Bethany may eliminate Ground Six and proceed solely on the allegations in Grounds One and Two, which have been presented to the state courts in one post-conviction proceeding (the counseled C.P.L. § 440.10 motion).  If, however, Bethany believes his *Brady* claim must be based on all the factual allegations in Grounds One, Two, and Six, then he would have to remove all three grounds because a *Brady* claim based on all of those factual allegations is unexhausted.

The third procedural option, as regards the ineffectiveness claim, is slightly different than previously stated because the Court has found that, based on Bethany's reconsideration motion

certain additional claims were presented in the *pro se* supplemental C.P.L. § 440.10 motion: Ground Five, along with sub-sub-grounds I(15)(a), I(15)(b), and I(16)(a) of Ground Nine.

Therefore, with regard to his claim of ineffective assistance of trial counsel, Bethany may proceed solely on the allegations that were presented in his *pro se* supplemental C.P.L. § 440.10 motion—the allegations in Ground Five; Ground Eight; and sub-grounds I(5), I(6), I(7), I(8), I(9), I(10), I(11), I(13), and I(14); and sub-sub-grounds I(15)(a), I(15)(b), and I(16)(a) of Ground Nine. Alternatively, as the Court stated previously, he could proceed solely on sub-ground I(3) of Ground Nine, which was raised in his *pro se* supplemental appellate brief on direct appeal.

## V.    Evidentiary Hearing

Bethany requests a hearing "for any and all claims not fully developed in the CPL 440.10 proceedings." *See* ECF No. 37 at 7.  He states that because many of his ineffectiveness claims are based on trial attorneys' failures to investigate the facts or the law, and because he was not afforded an evidentiary hearing in state court, the record is insufficient to determine whether the challenged actions and omissions were reasonable strategic choices. *Id.* at 6.

To the extent that the state courts adjudicated his ineffective assistance of trial counsel claims on the merits in connection with the C.P.L. § 440.10 motions or on direct appeal, Bethany must overcome the limitations on relief set forth in 28 U.S.C. § 2254(d)(1) before obtaining an evidentiary hearing under 28 U.S.C. § 2254(e)(2). *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011). In other words, "if, and only if, the state habeas petitioner clears § 2254(d)'s hurdles, may an evidentiary hearing be granted, provided that an evidentiary hearing is not otherwise barred by the limitations set forth in § 2254(e)(2)." *Jenkins v. Comm'r, Alabama Dep't of Corr.*, 963 F.3d 1248, 1278 n. 16 (11th Cir. 2020) (citing *Cullen*, 563 U.S at 185-86).  To fulfill the requirements in 28 U.S.C. § 2254(d)(1), Bethany must show that the state courts' rulings on his ineffective assistance

claims were an unreasonable application of, or contrary to, the relevant clearly established Supreme Court precedent. Bethany, however, has not made such a showing.

The only claim he mentions in detail in the request for an evidentiary hearing is trial counsel's failure to raise a *Dunaway* claim, *see* ECF No. 37 at 7, sub-ground I(6) of Ground Nine, *see* ECF No. 34 at 35-36. Bethany asserts that the reasoning provided to him by counsel as to why he declined to raise a *Dunaway* claim was "factually and legally wrong and, thus, not based on strategy." ECF No. 37 at 7. Bethany does not explain why an evidentiary hearing is necessary on this claim. Nor does he show that trial counsel's alleged error prejudiced him; instead, he simply speculates that suppression "may have been granted" if counsel had argued the *Dunaway* claim. ECF No. 34 at 36. Speculation is insufficient to establish a reasonable probability—not just conceivable possibility—of a different result, as required by *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Bethany similarly is not entitled to an evidentiary hearing on any ineffective assistance claims that he did not raise in state court or the unexhausted *Brady* claim (Ground Six). Where a state prisoner fails to diligently develop his claim in state court, 28 U.S.C. § 2254(e)(2) prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute's other stringent requirements are met. *Shinn v. Ramirez*, 212 L. Ed. 2d 713, 142 S. Ct. 1718, 1734 (2022). Here, Bethany did not present his unexhausted claims in state court and therefore did not diligently pursue the factual development of those claims. Therefore, he must demonstrate that the habeas claims as to which he seeks a hearing either "rely on (1) a 'new' and 'previously unavailable' 'rule of constitutional law' made retroactively applicable by th[e] [Supreme] Court, or (2) 'a factual predicate that could not have been previously discovered through the exercise of due diligence.'" *Id.* (quoting 28 U.S.C. §§ 2254(e)(2)(A)(i), (ii)).

"If a prisoner can satisfy either of these exceptions, he also must show that further factfinding would demonstrate, 'by clear and convincing evidence,' that 'no reasonable factfinder' would have convicted him of the crime charged." *Id.* (quoting 28 U.S.C. § 2254(e)(2)(B)).   And even if all the statutory predicates of § 2254(e)(2) are satisfied, "a federal habeas court still is not required to hold a hearing or take any evidence." *Id.*

Here, the circumstances of Bethany's case do not fall within either of the two limited factual scenarios contemplated by 28 U.S.C. § 2254(e)(2)(A).   He does not rely on a new, retroactively applicable rule of constitutional law.   And the various factual predicates for counsel's alleged ineffectiveness are not newly discovered but rather have been known to Bethany for quite some time.   The same is true with regard to the factual predicates underlying Ground Six. Furthermore, Bethany has not shown that additional factfinding would demonstrate, "by clear and convincing evidence," that "no reasonable factfinder" would have convicted him of the murder. 28 U.S.C. § 2254(e)(2)(B).   As the Court previously discussed, Bethany's unexhausted ineffectiveness claims and the unexhausted *Brady* claim are based on conclusory and unsubstantiated allegations, which are insufficient to warrant habeas relief or an evidentiary hearing.  *See*, *e.g.*, *Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010) ("We have repeatedly emphasized that 'bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing' on a habeas petition.") (citation omitted).   According, the Court denies the request for an evidentiary hearing.

## CONCLUSION

For the reasons discussed above, it is hereby

ORDERED that the Request for Reconsideration of Exhausted and Unexhausted Claims, ECF No. 37 at 1-3, is GRANTED IN PART AND DENIED IN PART, as set forth in more detail

in Sections II and IV of this Decision and Order.  In particular, reconsideration is GRANTED as to Ground Five and sub-sub-grounds I(15)(a), I(15)(b), and I(16)(a) of Ground Nine; and reconsideration is DENIED as to Ground Six; and sub-grounds I(1), I(2), I(3), and I(8), and sub-sub-grounds I(15)(c), I(15)(d), I(15)(e), and I(16)(b) of Ground Nine; and it is further

ORDERED that the Request for Reconsideration of Procedural Option Four, ECF No. 37 at 4-5, is DENIED, as set forth in Sections III and IV; and the request for a stay-and-abeyance is DENIED WITH PREJUDICE; and it is further

ORDERRED that the Request for Evidentiary Hearing, ECF No. 37 at 6-7, is DENIED WITH PREJUDICE, as set forth in Section V; and it is further

ORDERED that, within **thirty (30) days** of the date of entry of this Decision and Order, Bethany must choose one of the procedural options outlined above in Section IV and inform the Court in writing which procedural option he wishes to pursue.

IT IS SO ORDERED.

Dated: April 24, 2023
      Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

19